K.W.,
By her *in parentis loco*, D.W.,

      Plaintiff,

v.

Case No. _____

LAD LAKE, INC.,

      Defendant.

## COMPLAINT

NOW COMES THE PLAINTIFF, K.W., by her attorneys Gingras, Thomsen, & Wachs, by attorney Paul A. Kinne, and hereby states the following as her complaint in the above-referenced matter

### NATURE OF THE PROCEEDINGS

1. This is a civil action under 42 U.S.C. § 1983, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, including but not limited to the Substantive Due Process Clause, and state law negligence claims brought to redress the cruel and unusual punishment the Defendant inflicted upon K.W. when Lad Lake, Inc. was deliberately indifferent to her serious mental health instability, risk of flight, and negligently treated her.

### PARTIES

2. K.W. is a minor resident of the state of Wisconsin. D.W. has been named her *in parentis loco* since January of 2020.

3. At all times relevant hereto, Lad Lake, Inc. (Lad Lake) was a nonprofit entity organized according to the laws of the state of Wisconsin, which at all times hereto was acting on behalf of the State of Wisconsin. Its physical address is W350 S1401 Waterville Road, Dousman, WI 53118.

**JURISDICTION AND VENUE**

4. This court has jurisdiction over plaintiff's claims pursuant to 42 U.S.C. § 1983, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. § 1331 and 1343. It has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391 is proper insofar as the parties are or were located in this district, and the events giving rise took place within this district.

**FACTUAL ALLEGATIONS**

6. K.W. is a juvenile. On July 12, 2023, St. Croix County Circuit Court ordered K.W. to be confined to a residential treatment program.

7. K.W. was confined at Lad Lake's residential program on or about July 24, 2023. At this time, Lad Lake had full control and custody of K.W. Furthermore, Lad Lake was responsible for K.W.'s health and safety during her residential treatment. This responsibility included ensuring that K.W. remained at Lad Lake per the Court order. K.W. was not free to leave on her own accord.

8. K.W. has severe past trauma, which causes her to have behavioral issues including anxiety, ADHD, and a history of fleeing.

9. Lad Lake knew about the above-mentioned trauma, mental health issues, and history.

10. Lad Lake ostensibly specializes in treating people with traumatic backgrounds and mental health issues.

11. For K.W.'s first five days at Lad Lake, she and the other residents slept in a basement on mats rather than in a bedroom on a bed.

12. On July 29, 2023, at about 8:00 pm, K.W. and two other residents ran away from Lad Lake. At this time, no employee at Lad Lake knew K.W.'s whereabouts.

13. The next day, July 30, 2023, K.W. returned to Lad Lake. Upon her return, Lad Lake employees saw a large hickey on K.W.'s neck.

14. Lad Lake employees learned that K.W. met up with a group of people who drugged her with ecstasy and had sexual intercourse with her numerous times on video.

15. Despite the above concerns, no Lad Lake employee sent K.W. to the hospital for a medical assessment.

16. Lad Lake staff failed to place a timely call to child protective services or file a timely report regarding the sexual intercourse, as Lad Lake did neither of these until days after the incident.

17. After K.W.'s return, Lad Lake did not take any additional safety precautions to ensure that K.W. did not run away again.

18. Although K.W. had just returned, on this same day, she ran away from Lad Lake again, this time with one other resident.

19. Finally learning of K.W.'s escape from Lad Lake, D.W. herself searched for K.W. on August 1, 2024. D.W. discovered an address where K.W. might have been. D.W. called the police and informed them of the address.

20. Police arrived at the address and found K.W.

21. D.W. learned that this time, K.W. was raped twice during her time away from Lad Lake.

3

22. Police then escorted K.W. back to Lad Lake and D.W. followed behind.

23. K.W. went to the hospital, then returned to Lad Lake.

24. After K.W.'s return, Lad Lake again took no extra measures to ensure that K.W. could not run away again.

25. On August 2, 2023, K.W. and Lad Lake staff were all in one room together for a zoom call with K.W.'s probation officer regarding K.W. running away.

26. During this call, K.W. tried to run away again.

27. D.W. pulled up to Lad Lake as K.W. ran out of the side door from the zoom meeting room. K.W.'s biological mother was also present and tried to restrain K.W. Both D.W. and K.W.'s biological mother tried to reassure K.W.

28. Lad Lake employees did not assist or minimally assisted in restraining K.W., failed to lock the doors to the zoom meeting room, or failed to otherwise attempt to prevent K.W. from running away a third time.

29. K.W. escaped from Lad Lake again.

30. K.W. was missing for almost four days.

31. During those days, K.W. was repeatedly drugged and raped by a group of men.

32. When D.W. found K.W. on August 6, 2023, by the fairgrounds in Milwaukee, she was extremely disoriented.

33. On the same day, the Court then removed K.W. from Lad Lake's care and sentenced her to 30 days of confinement at the juvenile detention center.

**FIRST COURSE OF ACTION:**
**DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED**

34. The Plaintiff restates the foregoing paragraphs as if set forth fully herein.

35. Lad Lake knew that K.W. had a high likelihood of attempting to run and that she had severe trauma and other mental health disorders.

36. Lad Lake took no measure to prevent K.W. from escaping from Lad Lake's facilities.

37. By engaging in the conduct described above, Lad Lake was deliberately indifferent to K.W.'s medical needs, including but not limited to her mental health needs.

38. This deliberate indifference caused serious and permanent injuries to K.W., including but not limited to physical and emotional pain and suffering.

## SECOND CAUSE OF ACTION:
## STATE LAW NEGLIGENCE CLAIM

39. The Plaintiff restates the foregoing paragraphs as if set forth fully herein.

40. Lad Lake had a duty to care for and protect K.W. while she was a resident at its facility.

41. Lad Lake's negligent failure to do so, as described above, caused K.W. physical and emotional pain and suffering.

WHEREFORE, K.W., through her *in loco parentis* D.W., requests that this matter be heard by a jury of six competent jurors, and for the following relief:

1. Judgment in an amount sufficient to compensate K.W. for her injuries;

2. Equitable relief;

3. Punitive damages sufficient to punish the defendants and deter others from acting similarly in the future;

4. Pre-and post-judgment interest;

5. An award of attorneys' fees and costs; and

6. Any other relief the Court deems just to award.

*(Signature on following page)*

Dated this 22nd day of October 2025.

              **GINGRAS THOMSEN & WACHS LLP**
              Attorneys for Plaintiff

              *s/ Paul A. Kinne*
              Paul A. Kinne
              State Bar Number: 1021493

8150 Excelsior Drive
Madison, WI 53717
Phone: (608) 833-2632
Fax: (608) 833-2874
Email: kinne@gtwlawyers.com